Argued and submitted April 14,
reversed and remanded May 12, 1980

# HOGG,
*Appellant,*
*v.*
# CLATSOP COUNTY, OREGON,
*Respondent.*

(No. CC79-106, CA 15734)

610 P2d 1248

Hayes Patrick Lavis, Astoria, argued the cause for appellant. With him on the brief was Anderson, Fulton, Lavis & Van Thiel, Astoria.

Austin W. Crowe, Jr., Portland, argued the cause for respondent. On the brief were David P. Morrison, and Cosgrave, Kester, Crowe, Gidley & Lagesen, Portland.

Before Gillette, Presiding Judge, and Roberts and Campbell, Judges.

ROBERTS, J.

## ROBERTS, J.

Plaintiff, in this personal injury action, appeals from an order sustaining defendant's demurrer.

The complaint alleged that plaintiff was injured when he struck a submerged stump while swimming in an area designated for that activity in Cullaby Lake County Park. Count I alleged that the injuries were the result of defendant's negligence in failing to maintain the area free from logs and stumps, in failing to properly inspect the area, in failing to learn of and remove submerged logs and stumps and in failing to place warning signs when defendant knew or should have known of the submerged logs or stumps.

Count II alleged that defendant created the swimming area in question by enlarging the lake; that defendant knew that logs and debris were present, but "failed to take any precautions to remove dangerous substances under the surface of the water;" and that defendant "intentionally" created a hazardous area designated for public swimming, wilfully disregarding the safety of persons using the swimming area.[1]

Defendant's demurrer was based on the allegation that the complaint failed to state a cause of action because defendant was immune from liability under ORS 105.655 *et seq.* These statutes limit the liability of

---

[1] Count II of the complaint states in relevant part:

"III.

Defendant, knowing that there were logs and debris in the lake, intentionally failed to take any precautions to remove dangerous substances under the surface of the water. Defendant simply enclosed said swimming area by surrounding it with logs, a cable and a dock, and designated it as the swimming area.

"IV.

"The conduct of defendant intentionally created a hazardous area designated for public swimming. In so acting, defendant willfully disregarded the safety of the guests of Cullaby Lake County Park using the swimming area. Because of these intentional acts, a situation was created whereby plaintiff sustained the injuries described in Paragraph VI of his First Count."

possessors of land for injury to persons using the land for recreational purposes.

ORS 105.665 provides:

> "(1)   An owner of land owes no duty of care to keep the land safe for entry or use by others for any recreational purpose or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering thereon for any such purpose.
>
> "(2)   An owner of land who either directly or indirectly invites or permits any person to use his land for any recreational purpose without charge does not thereby:
>
> "(a)   Extend any assurance that the land is safe for any purpose;
>
> "(b)   Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed; or
>
> "(c)   Assume responsibility for or incur liability for any injury, death or loss to any person or property caused by an act or omission of that person."

ORS 105.665 clearly relieves defendant of any liability for mere negligent behavior. However, ORS 105.675(1) provides:

> "Nothing in ORS 105.655 to 105.680 limits in any way any liability of an owner of land *which may otherwise exist:*
>
> "(1) For his reckless failure to guard or warn against a dangerous condition, use, structure or activity on the land; * * *" (Emphasis supplied.)

This statute provides for the retention of liability of landowners for reckless behavior. The question then is whether Count II of plaintiff's complaint, as set forth in n 1, is sufficient to state a cause of action for recklessness. The second count of the complaint characterizes defendant's actions as intentional. Those terms which describe behavior which gives rise to greater liability than negligence are often used interchangeably. In *Falls v. Mortensen,* 207 Or 130, 295 P2d 182 (1956), the Supreme Court quoted with approval the following definition of wilful, wanton, or reckless behavior from 38 Am Jur 855, Negligence, § 178.

"* * * A defendant's act is properly characterized as wilful, wanton or reckless * * * only when it was apparent, or reasonably should have been apparent, to the defendant that the result was likely to prove disastrous to the plaintiff, and he acted with such an indifference toward, or utter disregard of, such a consequence that it can be said he was willing to perpetrate it. The elements necessary to characterize an injury as wantonly or wilfully inflicted are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. * * *' " 207 Or at 138.

Regardless of whether the behavior is termed intentional, wilful, wanton or reckless, the allegations of plaintiff's second count are sufficient to allow plaintiff to present evidence of recklessness to the jury under the above definition. Further, the Supreme Court has stated that "* * * it is seldom that a determination can be made as to the degree of negligence without the submission of proof. All the surrounding circumstances, too numerous to be alleged in a complaint, must be taken into consideration in determining whether the alleged acts were done with the requisite reckless disregard. * * *" *Fassett v. Santiam Loggers, Inc.,* 267 Or 505, 508, 517 P2d 1059 (1973).

We conclude that the trial court erred in sustaining defendant's demurrer to Count II.[2]

Reversed and remanded.

---

[2] Plaintiff also argues that ORS 105.665 does not apply to defendant because the Act is only intended to apply to private landowners, not public bodies. We have held to the contrary. *Denton v. L. W. Vail Co.,* 23 Or App 28, 541 P2d 511 (1975).