KEITH T. MANNING ET AL. *v.* HAROLD J.
BARENZ ET AL.
(14308)

PETERS, C. J., CALLAHAN, GLASS, COVELLO and BORDEN, Js.

Argued December 3, 1991—decision released February 25, 1992

*David W. Cooney,* with whom was *Kathryn Calibey,* for the appellants (plaintiffs).

*Andrew J. O'Keefe,* with whom were *Denise Martino Phelan* and, on the brief, *Michael J. Walsh,* for the appellees (defendants).

COVELLO, J. This is a suit in negligence and nuisance against a municipality and four of its employees seeking damages for personal injuries sustained at a municipal park when the lid of a metal storage box fell on the named plaintiff's hand. At the close of the pleadings, the defendants moved for summary judgment claiming that the action is barred by the Connecticut recreational land use act, General Statutes § 52-557f et seq.[1] The trial court granted the motion. Upon

[1] General Statutes § 52-557f provides: "LANDOWNER LIABILITY FOR RECREATIONAL USE OF LAND. DEFINITIONS. As used in sections 52-557f to 52-557i, inclusive:

"(1) 'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land;

"(2) 'Land' means land, roads, water, watercourses, private ways and buildings, structures, and machinery or equipment when attached to the realty;

"(3) 'Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises;

"(4) 'Recreational purpose' includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites."

General Statutes § 52-557g provides: "LIABILITY OF OWNER OF LAND AVAILABLE TO PUBLIC FOR RECREATION; EXCEPTIONS. (a) Except as provided in section 52-557h, an owner of land who makes all or any part of

appeal, the Appellate Court affirmed, concluding that § 52-557g grants immunity to both the municipality and its employees. *Manning* v. *Barenz,* 24 Conn. App. 592, 590 A.2d 980 (1991). We thereafter granted the plaintiffs' petition for certification limited to the following issues: (1) whether the recreational land use act, § 52-557f et seq., applies to (a) municipalities, and (b) municipal employees; and (2) if the act does apply, whether it applies to the conduct of these defendants with respect to this particular storage box. We affirm.

the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.

"(b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.

"(c) Unless otherwise agreed in writing, the provisions of subsections (a) and (b) of this section shall be deemed applicable to the duties and liability of an owner of land leased to the state or any subdivision thereof for recreational purposes."

General Statutes § 52-557h provides: "OWNER LIABLE, WHEN. Nothing in sections 52-557f to 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: (1) For wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity; (2) for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof, except that, in the case of land leased to the state or a subdivision thereof, any consideration received by the owner for the lease shall not be deemed a charge within the meaning of this section."

General Statutes § 52-557i provides: "OBLIGATION OF USER OF LAND. Nothing in sections 52-557f to 52-557i, inclusive, shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of said sections to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care."

An examination of the pleadings and affidavit supporting the motion for summary judgment discloses the following. On August 8, 1986, the named plaintiff, Keith T. Manning, a two year old boy, was playing at Pershing Park, a municipal park owned by the town of Bloomfield and open to the public without charge. While the named plaintiff was reaching into a large metal box where the town kept toys and other recreational items, the lid of the box fell on his thumb causing serious injuries. At the time of the incident, the town was conducting a summer recreational program for residents from the ages of six to thirteen; the named plaintiff was not enrolled or participating in that program. The defendant municipal employees managed and supervised the park and the summer recreational program at the park.

I

The plaintiffs[2] first claim that the recreational land use act, § 52-557f et seq., and specifically § 52-557g (a), which limits the liability of an owner of land to persons using the land for recreational purposes, does not apply to municipalities. They argue that because § 52-557g (a) is ambiguous as to whether a municipality should be considered an "owner of land," we should seek guidance from the legislative history and relevant case law interpreting the statute. The plaintiffs maintain that because the legislative history and *Genco* v. *Connecticut Light & Power Co.,* 7 Conn. App. 164, 168–69, 508 A.2d 58 (1986), indicate that one purpose behind the statute was to encourage private land owners to open their land to public use, it follows that the phrase, "owner of land," should be strictly construed to include only private land owners. We disagree.

---

[2] Keith T. Manning's claim for personal injuries was brought through his mother, the plaintiff Michelle Cooper.

The plaintiffs have offered no reasonable explanation why the phrase, "owner of land," should be considered ambiguous nor do we see any. "Where the language of the statute is clear and unambiguous, it is assumed that the words themselves express the intent of the legislature and there is no need for statutory construction or a review of the legislative history." *All Brand Importers, Inc.* v. *Department of Liquor Control*, 213 Conn. 184, 195, 567 A.2d 1156 (1989). The definition of "owner" in § 52-557f (3) includes "the possessor of a fee interest." It is undisputed that the defendant municipality possesses the fee interest in the park in question. In order to fall within the purview of § 52-557g (a), the defendant municipality must establish only that it is the possessor of the fee interest in land available to the public without charge for recreational purposes. This it has done.[3] We conclude that § 52-557g applies to all land owners—municipal and private.[4]

---

[3] There is no need to resort to the legislative history in this case but we do note our agreement with the Appellate Court's analysis of *Genco* v. *Connecticut Light & Power Co.*, 7 Conn. App. 164, 508 A.2d 58 (1986), which does interpret the legislative history. "In *Genco*, we applied the statute to owners of private property who had opened Candlewood Lake to the public for recreational purposes without a fee. In discussing the legislative history and the purpose of the statute, we stated that 'the clear purpose of [General Statutes] § 52-557g is an attempt to satisfy the public's need for recreational and open space by encouraging private landowners, through limiting their liability, to open their land to public use.' Id., 168–69. That the statute was intended to encourage private landowners to open their property for the use and enjoyment of their fellow citizens is not disputed. The issue presented in this case is, however, whether the statute is *limited* to private property owners. The purpose of making available recreational and open space is not thwarted by the application of the clear and unambiguous language of the statute to governmental property owners as well as private property owners. We, therefore, do not interpret the *Genco* case as limiting the application of the statute, but, rather, as applying the statute appropriately to the facts of that case, i.e., applying the statute to a private property owner." *Manning* v. *Barenz*, 24 Conn. App. 592, 596–97 n.4, 590 A.2d 980 (1991).

[4] This conclusion is in accordance with the vast majority of jurisdictions that have considered the definition of "owner" within similar recreational

## II

The plaintiffs next argue that even if the recreational land use act; § 52-557f et seq.; applies to municipalities, it does not apply to municipal employees.[5] The plaintiffs claim, inter alia, that because municipal employees cannot be considered "owners of land" pursuant to § 52-557g (a) and the statute does not specifically extend immunity to them, the defendant employees should be held liable. They contend, further, that the defendant municipality should indemnify their employees, pursuant to General Statutes § 7-465.[6] We

use statutes. See, e.g., *Gard* v. *United States,* 594 F.2d 1230 (9th Cir.), cert. denied, 444 U.S. 866, 100 S. Ct. 138, 62 L. Ed. 2d 90 (1979); *McClain* v. *United States,* 445 F. Sup. 770 (D. Or. 1978); *Hahn* v. *United States,* 493 F. Sup. 57 (M.D. Pa.), aff'd, 639 F.2d 773 (3d Cir. 1980); *Smith* v. *United States,* 383 F. Sup. 1076 (D. Wyo. 1974); *Hamilton* v. *United States,* 371 F. Sup. 230 (E.D. Va. 1974); *Stone Mountain Memorial Assn.* v. *Herrington,* 225 Ga. 746, 171 S.E.2d 521 (1969); *Ostergren* v. *Forest Preserve District,* 104 Ill. 2d 128, 471 N.E.2d 191 (1984); *Page* v. *Louisville,* 722 S.W.2d 60 (Ky. App. 1986); *Rodrigue* v. *Firemen's Fund Ins. Co.,* 449 So. 2d 1042 (La. App. 1984); *McNeal* v. *Department of Natural Resources,* 140 Mich. App. 625, 364 N.W.2d 768 (1985); *Watson* v. *Omaha,* 209 Neb. 835, 312 N.W.2d 256 (1981); *Magro* v. *Vineland,* 148 N.J. Super. 34, 371 A.2d 815 (1977); *Sega* v. *State,* 60 N.Y.2d 183, 456 N.E.2d 1174, 469 N.Y.S.2d 51 (1983); *McCord* v. *Ohio Division of Parks & Recreation,* 54 Ohio St. 2d 72, 375 N.E.2d 50 (1978); *Hogg* v. *Clatsop County,* 46 Or. App. 129, 610 P.2d 1248 (1980); *McCarver* v. *Manson Park & Recreation District,* 92 Wash. 2d 370, 597 P.2d 1362 (1979).

[5] The defendants concede that, pursuant to General Statutes § 52-557h, an owner of land may be held liable for "wilful or malicious failure to guard or warn against a dangerous condition, use, structure or activity . . . ." The plaintiffs have not alleged any such behavior.

[6] General Statutes § 7-465 (a) provides in pertinent part: "Any town, city or borough, notwithstanding any inconsistent provision of law, general, special or local, shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded . . . for physical damages to person or property . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope

conclude that § 52-557f et seq. extends to a municipality's employees and, therefore, we do not reach the indemnification issue.

Pursuant to § 52-557f (3), "owner" means, inter alia, a "person in control of the premises." The persons in control of the premises here were those who managed and supervised the park, i.e., the defendant employees. The plaintiffs concede as much in their complaint in their description of the defendant employees' duties. The named defendant, Harold Barenz, director of parks and recreations for the town of Bloomfield, is described as "charged with the care, control, and supervision of all parks and recreational facilities, including summer programs, within the . . . town." The three remaining defendant employees are described as charged with the supervision of the summer recreational program and with the care and protection of the children participating in the program. Because the defendant employees must be considered within the definition of "owners" by reason of their being "persons in control of the premises," they fall within the immunity created by this statute. To hold otherwise would render the statute meaningless. The plaintiffs could completely bypass this legislation by simply bringing suit against the municipal employee and then requiring the municipality to indemnify its employee pursuant to § 7-465.

### III

The plaintiffs' final claim is that even if the recreational land use act; General Statutes § 52-557f et seq.; applies to municipalities and their employees, it should not apply to the conduct of these defendant employees. The plaintiffs argue that: (1) their allegations of failure to supervise are distinguishable from the immunity granted pur-

of his employment, and if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in the discharge of such duty."

suant to § 52-557g (a) that refers to failures to warn of "a dangerous condition, use, structure or activity on the land"; (2) the metal box was moveable and thus not "land" as required in order to qualify for the statutory immunity; and (3) the plaintiff was not at the park for a recreational purpose and, therefore, the municipality should not be protected by this statute. We disagree.

Pursuant to § 52-557g (b) (3), an owner of land who permits free access to the land for recreational purposes does not thereby "assume responsibility for or incur liability for any injury to person . . . caused by an act or *omission* of the owner" except in the case of wilful or malicious acts. (Emphasis added.) Any alleged failure to supervise the named plaintiff here would clearly constitute an omission and would, therefore, be covered by this statute.

The issue whether the metal box should be considered "land" is irrelevant in light of the extension of immunity for "an act or omission of the owner" with respect to a "dangerous condition, use, *structure* or activity on the land." (Emphasis added.) General Statutes § 52-557g (a) and (b) (3). The metal box is clearly a structure on the land; the statute neither requires the metal box to be considered "land," or to be affixed to the land, in order for the immunity in question to apply to the defendants.

The plaintiffs' attempt to characterize the activity leading to the injury at issue as not being within the definition of "recreational purpose" is also without merit. While it is true that children's play at a park is not one of the enumerated "recreational purposes" listed in § 52-557f (4),[7] this statute clearly states that " '[r]ecreational purpose' includes, but is *not limited*

---

[7] See footnote 1, supra.

*to,* any of the following . . . ." (Emphasis added.) It is evident that the enumerated activities set forth in the statute are not exclusive.

The judgment is affirmed.

In this opinion the other justices concurred.