On May 24, 1989, Vincent L. Esposito, the minor plaintiff, filed his second revised complaint through his father, Vincent Esposito. The complaint alleges that on April 16, 1986, while on a field located in a Shelton public park, the plaintiff sustained injuries and suffering consequent to striking his chin and neck against metal bolts protruding from playing field goal posts.
Count one is directed against the City of Shelton and sounds in negligence. Count two is directed against the City of Shelton and sounds in nuisance. Count three, also directed against the City of Shelton, sounds in nuisance and negligence. Count four, directed against the City of Shelton and the Shelton Parks and Recreation Commission, sounds in strict liability. Counts five and six are directed against defendants not related to the motion for summary judgment currently before the court.
The defendants City of Shelton and Shelton Parks and Recreation Commission filed an amended answer and special defenses to the second revised complaint on February 6, 1992. The plaintiff filed a reply to the City of Shelton's special defenses on March 16, 1992, thereby closing the pleadings as to the City of Shelton.
On March 26, 1992, the defendants City of Shelton and Shelton Parks and Recreation Commission filed a motion for summary judgment as to all counts against them, on the ground that there is no genuine issue of material fact as to any issue which could render the foregoing defendants liable to the plaintiffs for any injuries CT Page 5367 claimed in the complaint. The motion is accompanied by a supporting memorandum of law and the affidavit of the Director of Parks and Recreation for the City of Shelton.
The plaintiff filed a memorandum in opposition to the motion on April 22, 1992.
Since the plaintiff replied to the special defenses of the City of Shelton only (see #141), it is noted that the pleadings are still open as to the Shelton Parks and Recreation Commission, and the consideration of this summary judgment motion shall accordingly apply only to the City of Shelton.
A motion for summary judgment may only be granted when pleadings, affidavits and other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 477 A.2d 1005 (1984).
The Connecticut Supreme Court has recently held that the recreational land use statute, Conn. Gen. Stat. 52-557f, et seq., "applies to all landowners — municipal and private," and that a municipality is an "owner" of land within the meaning of the statute. Manning v. Barenz, 221 Conn. 256, 260, ___ A.2d ___ (1992).
Section 52-557g provides in pertinent part:
 (a) Except as provided in 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: . . . (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
General Statutes 52-557h imposes liability for willful or malicious conduct, and for injuries suffered when the owner charges a fee for use of the land. Accordingly, this provision is inapplicable to the motion for sub judice. Under the holding of the court in Manning v. Barenz, supra, and the relevant provisions of the recreational land use statute, a municipality is immune from liability CT Page 5368 for claims of negligence and/or nuisance stemming from injuries incurred on municipal land. Manning v. Barenz, supra, 260. It is noted that although the plaintiff concedes that the defendants may avail themselves of the immunity defense provided by the decision in Manning and Conn. Gen. Stat. 52-557f, et seq., as to the counts of the complaint sounding in negligence, they may not use it as a defense to the count sounding in strict liability.
COUNT ONE
In count one of the complaint, the plaintiff alleges that his injuries and suffering were attributable to the negligence of the City of Shelton, in that the City of Shelton: (1) constructed the dangerous goal posts; (2) knew, or should have reasonably known in the exercise of due care, that such a goal post can pose a serious threat of injury to children playing soccer; (3) failed to warn parents and children of the potential danger of such goal posts, and (4) failed to remove the dangerous condition from the goal posts.
It is clear that in light of the holding in Manning v. Barenz, supra, the City of Shelton may not be held liable for this claim because it sounds in negligence. (It is also noted that the plaintiff concedes that the defendant is so immune on p. 2 of its memorandum in opposition to the motion for summary judgment). It is, accordingly, found that the defendant City of Shelton's motion for summary judgment should be granted as to this count.
COUNTS TWO AND THREE
In count two, the plaintiff alleges that his injuries and losses were due to the creation of a nuisance by the City of Shelton. In count three, the plaintiff avers that the injuries and losses sustained were due to the negligence of the City of Shelton in that it created a nuisance and allowed it to remain and exist on its property, although it knew or should reasonably have known in the exercise of due care, of the existence of the nuisance.
For the same reasons stated previously, in accordance with Manning v. Barenz, supra, the City of Shelton may not be held liable with respect to counts two and three of the complaint, since those counts sound in nuisance and negligence. It is accordingly found that the City's motion for summary judgment should be granted and is so granted.
COUNT FOUR
In count four, the plaintiff asserts that the defendant is "liable absolutely as it has created an inherently dangerous condition." Count four is a claim sounding not in nuisance or negligence, but rather in strict liability. It is clear that the recreational land use CT Page 5369 statute, Conn. Gen. Stat. 52-557f, et seq., does not provide immunity from liability for claims sounding in strict liability. It is accordingly found that the motion for summary judgment should be denied as to count four, since the recreational land use statute may not be used to shield the defendant from claims brought in strict/absolute liability.