[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#123)
This action is brought by Joyce Oliver, Administratrix Of The Estate of Michael Neilander, seeking money damages for the injuries and death of the plaintiff's decedent on October 9, 1985.
The material facts, as alleged in the Second Amended Complaint, are not in dispute and are as follows:
Michael Neilander was 19 years old when, on October 9, 1985, he was operating his Suzuki motorcycle in an easterly direction on Mellor Road in Wallingford, Connecticut. At this time, Mellor Road was a newly developed paved roadway surface, accessing a developed sub-division. The sub-division as of October 9, 1985 consisted of numerous lots which were still owned by the defendant, but otherwise sub-divided for purposes of development. The sub-division also included many newly constructed homes which been sold to and conveyed to third parties. Also included in the sub-division, were homes being built on parcels which had been sold to third party developers which were being improved for the purpose of sale to the public. All of the above were accessed by the newly created asphalt roadway known as Mellor Road. The developers had not yet dedicated the street to the Town of Wallingford, notwithstanding the fact that the roadway was being used by people who lived on Mellor Road and thus, said roadway was still in the ownership, possession and control of the defendant. CT Page 7554
In Count One of the Second Amended Complaint, the plaintiff alleges that the decedent lost control of his motorcycle due to the presence of crushed stone and gravel on Mellor Road and that the negligence of the defendant caused the death of the plaintiff's decedent. In Count Two of the Second Amended Complaint, the plaintiff repeats the factual allegations of negligence by the defendant and alleges that these acts constitute a public nuisance that caused the death of the plaintiff's decedent. In addition to the factual allegations concerning the crushed stone and gravel and a failure to use reasonable care concerning the condition of the roadway, the Second Count alleges that the roadway was intended by the defendant to be used and enjoyed by citizens as members of the public.
In response to the Second Amended Complaint filed by the plaintiff on June 27, 1991, the defendant, on November 8, 1991, filed an Amended Answer And Special Defenses To Second Amended Complaint. Before the court is the defendant's motion for summary judgment on the second special defense to the first count and the fourth special defense to the second count. The motion for summary judgment, as to both counts, is based on Connecticut General Statutes 52-557j. The two special defenses pertinent to the motion for summary judgment are identical and allege, in substance, that the defendant was the owner of the land on which the plaintiff's decedent was operating his motorcycle, that the defendant did not charge the plaintiff's decedent a fee for the operation of his motorcycle on the defendant's property, and that each count is barred by 52-557j.
In support of the motion, the defendant argues that General Statutes 52-557j bars recovery by motorcyclists from landowners for injuries sustained while operating their motorcycles on the land of a landowner unless the landowner was willful or malicious, or the landowner charged a fee. The defendant argues that this statute applies to this case since the defendant owned the land on which the accident occurred and the exceptions do not apply.
The defendant further argues that as to the second count, the statute makes no distinction between actions based on negligence or on nuisance and applies equally to both.
The plaintiff has objected to the motion for summary judgment and argues that the application of 52-557j to the facts of this case would be inconsistent with legislative intent that the statute protect landowners from liability for injuries incurred only when the land is used for recreational purposes. The plaintiff notes that for the purposes of this motion the CT Page 7555 facts are that the roadway appeared to be a public road that the public was entitled to use, that there was no indication that it was private, and that members of the public had a right to use the road.
The plaintiff also raises Article I, Section 10 of the Connecticut Constitution, which provides that "[e]very person, for injury done to him in his person, property or reputation shall have remedy by due course of law. . . ." However, since the memorandum simply quotes the provision without presenting constitutional argument, this claim will not be addressed.
Finally, the plaintiff argues that 52-557j does not apply to a claim of nuisance.
A summary judgment is granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 384. The trial court "must view the evidence in the light most favorable to the nonmoving party." Connell v. Colwell, 214 Conn. 242, 247, 57] A.2d 116 (1990). The function of the trial court is to determine whether an issue exists, not to try it if it does. Fogarty v. Rashaw, 193 Conn. 442, 444, 476 A.2d 582 (1984). A party's motion for summary judgment is "properly granted if it raises at least one legally sufficient defense that would bar the [opposing party's] claim and involves no triable issue of fact." Perille v. Raybestos-Manhattan-Europe, Inc. 196 Conn. 529, 543,494 A.2d 555 (1985).
General Statutes 52-557j provides that
 No landowner may be held liable for any injury sustained by any person operating a . . . motorcycle . . ., as defined in 14-1, upon the landowner's property or by any passenger in the . . . motorcycle, . . . whether or not the landowner has given permission, written or oral, for the operation upon his land unless the landowner charged a fee for the operation, or unless the injury is caused by the wilful or malicious conduct of the landowner.
The issues raised in this case have been dealt with in a factually similar case by the Connecticut Supreme Court. See Warner v. Leslie-Elliot Constructors, Inc., 194 Conn. 129 (1984). In Warner, the decedent was riding a motorcycle on a private roadway owned by the defendants. As he proceeded on the private roadway, he struck and was killed by a cable or chain that had CT Page 7556 been stretched across the road. Because 52-557j applied, the ensuing wrongful death action was subject to a successful motion to strike by one defendant and a successful motion for summary judgment by the other defendant. The Connecticut Supreme Court affirmed the trial court's decisions and noted that "[t]he statute in this case states in plain language that no landowner will be liable for injuries to operators or passengers arising from the operation of certain vehicles including motorcycles on the landowner's property `unless the landowner charged a fee for the operation, or unless the injury is caused by the willful and malicious conduct of the landowner.'" Id. at 133 (quoting Conn. Gen. Stat. 52-557j) (emphasis in original).
The Supreme Court also found that 52-557j applied to improved portions of land such as the roadway that was the sit of the accident. "The statute uses the all encompassing term `property.' Improvements such as private roadways are as much part of one's property as the natural terrain." Id. at 135.
The facts in this case are quite similar to the facts in Warner. The accident occurred upon a private road. The decedent was operating a motorcycle and no fee was charged for the use of the land. The statute as interpreted in Warner is directly applicable to the facts of this case.
The plaintiff seeks to have this court construe the statute in question by reviewing the legislative history, and it is her claim that that history will reflect an intent by the legislature that the landowner be immune from liability only when the land was being used for recreational purposes.
In Warner the Supreme Court was dealing with the same statute involved in this case and determined that it was not necessary to construe the statute in order to determine the meaning of the term "property" "Where the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct! Muha v. United Oil Co., 180 Conn. 720, 730,433 A.2d 1009 (1980)." Warner v. Leslie-Elliot Constructors, Inc. supra, 135. To the same effect see Manning v. Barenz, 221 Conn. 256,260 (1992), a case interpreting the words "owner of land" contained in 52-557g(a) which limits the liability of an owner of land to persons using the land for recreational purposes (emphasis added). The language of the statute in question is clear and unambiguous and no construction is required.
Section 52-557j bars the liability of landowners for injuries arising out of the operation of motorcycles unless the landowner charged a fee or acted wilfully or maliciously. In this case, the plaintiff has alleged that the roadway on which CT Page 7557 the motorcycle accident occurred was owned by the defendant and that the accident was caused by the defendant's negligence and creation of a nuisance, but has alleged neither that the defendant charged a fee for the operation nor that the injury was caused by the wilful or malicious conduct of the defendant.
The plaintiff also claims that 52-557j does not apply to a claim based on nuisance. The statute does not make an exception for liability for nuisance. It authorizes recovery only where the plaintiff has shown that a fee was charged or the landowner acted wilfully or maliciously. Therefore it is clear that52-557j also bars liability for nuisance claims. See Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 171-172,508 A.2d 58 (1986).
Accordingly, for the reasons above stated, the motion for summary judgment is granted.
Hadden, J.