[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The minor plaintiff, through his next friend, alleges that he was caused to slip and fall by a defective sidewalk located near a water fountain sprinkler in Chase Park. The defendant filed a special defense which stated that it was immune from liability by virtue of the recreational use statute, General Statutes 52-597g. The plaintiff moves to strike this special defense, claiming that the plaintiff's conduct was not a recreational purpose and that the land in question was not land within the meaning of the statute. The defendant objects to the motion and the parties have filed supporting memoranda of law.
In Manning v. Barenz, 221 Conn. 256 (1992), the court held that the recreational use statute applies to municipalities as well as private landowners. The facts of that case are similar to the allegations of this action. In Manning, the plaintiff was injured while playing in a municipal park when the lid of a large metal box which the town used to hold toys, fell on his hand, causing serious injury. Id., 259. The court there granted defendant's motion for summary judgment, stating the plaintiff's playing in the park was a recreational purpose and that the metal box constituted a "structure" on the land. Id., 263-264, General Statutes 52-557g(e).
The defendant here, of course, is not moving for summary judgment, but only seeks to interpose a defense of immunity under the recreational use statute.
It is well settled that "if facts provable under the allegations would support a . . . defense, the motion to strike must fail." Sherman v. Lafayette Bank Trust Co., 4 Conn. App. 39,42, (1985). Following Manning, supra, as precedent, the defendant would possibly prove facts which would support a defense of CT Page 7772 immunity under the recreational use statute. This is, of course, not to say that the defense will definitely provide immunity, but only that there are "facts provable under the allegations [which] would support a . . . defense, [and therefore] the motion to strike must fail." Sherman, supra.
COFIELD, J.