[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The third amended complaint alleges the following facts. The plaintiff, Kyle Burkhart, was a spectator at a softball game held at CT Page 7981 Dodge Field in the Town of Winchester, City of Winsted. The plaintiff was injured when a dog owned by defendant Diedre Ostroski attacked the plaintiff and bit him on his face.
In count one, the plaintiff brings this action against Ostroski pursuant to the dog bite statute, General Statutes 22-357. In count two, the plaintiff brings this action against John Bennett, the recreation director of the Town of Winchester/City of Winsted for negligence. In count three, the plaintiff brings this action against the Town of Winchester/City of Winsted pursuant to General Statutes 7-465 and alleges that the town and city must indemnify Bennett for any damages he must pay. Count four alleges negligence by the umpire at the softball game. In count five, plaintiff Paula Burkhart seeks loss of consortium damages from all the defendants based upon her husband's injuries.
Bennett and the Town of Winchester/City of Winsted, the municipal defendants answered the third amended complaint and asserted two special defenses: contributory negligence and common law immunity and statutory governmental immunity. The plaintiff denied the special defenses, thereby closing the pleadings.
The municipal defendants have moved for summary judgment on the ground that the recreational land use immunity statute bars the claims against them. They have filed two memoranda of law, affidavits and other exhibits. The plaintiffs oppose the motion and have filed a memorandum of law.
The recreational land use act provides:
 . . .an owner of land who makes all or any part of the land available to the public without charge, rent, free or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
General Statutes 52-557g(a). Furthermore,
 Recreational purpose includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites.
General Statutes 52-557f(4). CT Page 7982
Municipalities and municipal employees are considered "owners" under the act. Manning v. Barenz, 221 Conn. 256, 260-62, 603 A.2d 399 (1992).
In support of summary judgment, the municipal defendants state that the town and city own the land upon which the softball field is located, that no charge is levied for admission to the softball game and that the field was used for a recreational purpose. They therefore conclude that they are immune from liability and that summary judgment should enter in their favor. The plaintiffs counter that recreational land use immunity does not extend to injuries suffered by a spectator at an event within the purview of the statute.
The plaintiffs do not dispute that the town and city owned the land in fee (see municipal defendants' affidavits, Exh. C.) nor that the land was being used for a recreational purpose at the time of the alleged injury.
In addition to the above two elements, the defendants must also establish that the land was available to the public without charge. See Manning, supra, 260. The municipal defendants admit that softball teams are charged a fee to participate in the Winsted Recreation Softball League and that the fee is used to defray the costs of running the league. (Defendant Bennett's affidavit.) It is undisputed that the plaintiff was not charged a fee to watch the game or to enter the field.
The defendants argue that recreational land use immunity applies even though a fee is charged to teams in the softball league. "`Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land." General Statutes 52-557f(1). "`[C]harge' connotes a quid pro quo, i.e., a charge in exchange for permission to enter that land at that time." (Citations and emphasis omitted.) Genco v. Connecticut Light Power Co., 7 Conn. App. 164, 170,508 A.2d 58 (1986); accord Voight v. Gazdik, 6 Conn. L. Rptr. 5 (Lewis, J. February 13, 1992). Since it is undisputed that the municipal defendants did not charge the plaintiff a fee to enter the softball field, the field was available to him without charge.
The sole issue to be resolved on this motion is whether the plaintiff, a spectator rather than a participant, is barred from recovering against the municipal defendants by operation of the immunity statute. There are no Connecticut cases addressing this issue.
A purpose of the recreational land use act is to "encourag[e] private landowners to open their land to the public for recreational purpose." Genco, supra, 173. Additionally, the statutory scheme evidences an intent to base the grant of immunity upon the existence of land opened by the owner for a recreational purpose and does not require the injured party to be on the land for any specific recreational purpose. See Neri v. Woodbury Ski Racquet, Inc., 3 Conn. L. Rptr. 213
(February 6, 1991, Schimelman, J.) ("Plaintiff's reason for entering the CT Page 7983 land is not controlling; it is the landowner's purpose in opening the land to the public that controls;" in dicta, the court states that watching others ski is a recreational purpose); see also Manning, supra, 264 ("the enumerated activities set forth in [52-557f(4)] are not exclusive.")
A spectator watching a recreational activity on land made available by the owner without charge may not recover damages for his injuries from the landowner. There are no issues of material fact and the municipal defendants have established that they are immune from liability as a matter of law. Therefore, the court grants the municipal defendants' motion for summary judgment.
PICKETT, J.