[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY OF JUDGEMENT
The present action was instituted on behalf of the minor plaintiff and his father seeking to recover monetary damages for injuries claimed to have been sustained when the minor plaintiff, while playing on the monkey bars at the Long Shore Country Club on recreational facilities maintained by the town of Westport ("The Town"). The defendants, the Town, Joseph Delco its Director of Parks and Recreation and Signe Merritt, employee of the Town, have filed a motion for summary judgement asserting that no liability may be imposed upon them by virtue of the provisions of General Statutes 52-557f and 52-557g which relate to the liability of an CT Page 4215 owner of land made available to the public for recreational purposes. The moving defendants seek a summary judgment with respects-to the First, Second, Fifth, Sixth, Seventh and Tenth Counts of the complaint. The First Count was brought against the Town asserting that the monkey bars were in a defective and a dangerous condition; the Second Count was brought against the defendant Delco, as Director of Parks and Recreation, asserting that he was an employee of the town and in charge of the maintenance of the recreational facilities; the Fifth Count was brought against the defendant Merritt asserting that she was an employee of the Board of Education of the town of Westport and was in charge of care and supervision of the minor plaintiff; the Sixth, Seventh and Tenth Counts assert the same claims as asserted in the First, Second and Fifth Counts except that the claims were asserted on behalf the plaintiff father rather than on behalf of the injured minor plaintiff.
Also named as defendants are the Westport Board of Education and its chairman against whom the plaintiff alleges the minor plaintiff was enrolled in a summer school program thereby giving rise to a duty to supervise the activities of the minor plaintiff. However, the plaintiff does not allege any duty upon the moving defendants arising from enrollment in a summer school program.
In Counts Five and Ten of the complaint, the plaintiffs allege that the defendant Merritt was an employee of the Board of Education. However, the affidavit filed on behalf of the moving defendant states that the defendant Merritt is an employee of the Parks and Recreation Department. No opposing affidavit has been filed on behalf of the plaintiff with respect to the employment of the defendant Merritt and accordingly, the court bases its decision upon the fact that defendant Merritt is an employee for the Parks and Recreation Department and not an employee of the Department of Education.
General Statutes 52-557g provides in part:
 "(a) Except as provided in 52-557h (wilfull or malicious conduct), an owner of land who makes all or any part of the land available to the public without charge, rent, fee, or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on CT Page 4216 the land to persons entering for recreational purposes.
 (b) Except as provided in 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner."
The plaintiffs claim that the above quoted statute is inapplicable to the case on the grounds that the plaintiffs paid a fee for admission of the minor plaintiff into a summer school program that provided for supervised activities. The plaintiff also claims by affidavit that the summer school project included instruction and transportation for supervised play at the recreational facility used by the minor plaintiff. In addition, the plaintiff claims that it is his "understanding" that a hand pass is required for all persons six years of age and over for using the recreational facility and he attaches a copy of the current application for such a hand pass for which a fee is charged in the amount of $10.00. The plaintiff also states that it is his belief that a similar requirement for a hand pass existed at the time the minor plaintiff was injured. The court also notes that the plaintiff also filed an affidavit with respect to a summary judgment motion filed by the nonmoving defendants in which the plaintiff's father states that it is his understanding that his son was "going to be cared for and supervised by Westport Public School System."
The moving defendants have filed affidavits stating that playground recreational facilities are owned and operated by the Town and are open to all members of the general public without charge. The affidavit also states that a hand pass is not required in order to enter and use the playground recreational facilities although a hand pass is required to enter and use the pool swimming facility at the Long Shore Country Club. As previously noted, no claim is made in the complaint against the moving defendants relating to obligations imposed by enrollment at the summer school program and, if a duty of supervision arises from that relationship CT Page 4217 is not alleged as against the moving defendants. Accordingly, the fact that a duty may be imposed arising from the payment of the fee to other parties is of no significance with respect to the claims made against the moving defendants.
A review of the application for a hand pass, as submitted by the plaintiffs in their affidavit opposing the motion for summary judgment, states that a hand pass "is a prerequisite to purchasing golf or tennis permits." The application also states "HAND PASSES: required for all persons six and over using Long Shore Club Park, Doubleday, Staples, Town Farm Recreation Facilities. Yearly pass is a prerequisite to purchasing a golf or tennis permit. Hand passes required for many programs and the activities conducted throughout the year. Hand pass entitles holder to play golf and tennis on Town Facilities at various rates and entitles holder to free use of Long Shore pool."
The plaintiffs also claim that it is unclear as to whether members of the public who are not residents of Westport are able to access the facility they would be charged a fee. The plaintiffs do not submit any affidavits to support that contention. The affidavit filed on behalf of the moving defendants specifically states that the playground facilities "are open to all members of the general public without charge" and that a "hand pass is not required in order to enter and use the playground recreational facilities."
In summary, allegations against moving defendants do not involve a duty arising out of the payment of a summer school program; and the contentions of the plaintiff are not sufficient to set the contradict the direct claims made in the affidavit submitted on behalf of the moving defendants that the facilities are open to members of the general public without charge and that a hand pass is not required to enter those facilities utilized by the minor plaintiff. Accordingly, the court concludes that the recreational facilities upon which the minor plaintiff was injured are "available to the public without charge, rent, fee or other commercial service" within the meaning of General Statutes 52-557g.
In Manning v. Barenz, 221 Conn. 256 (1992), the court held that a municipality, and its employees, were "owners" as that word is utilized in General Statutes 52-557g. Accordingly, an action against them is barred by General Statutes 52-557f and there is no willful or malicious conduct alleged on the part of the moving defendants so as to bring such claims with the purview General CT Page 4218 Statutes 52-557h.
The various counts asserted against the moving defendants assert that the monkey bars were in a dangerous and defective condition and that defendants, in the exercise of reasonable care, should have known of the conditions and failed to remedy them. The counts directed against the moving defendants also claim that a duty owed to the plaintiff was breached "[i]n that the defendant, its agents and employees moved the plaintiff or allowed the plaintiff to be moved after his fall without the benefit of medical assistance and failed to arrange for his transportation to the hospital by medically trained personnel." While the import of the quoted claim has not been specifically addressed by the parties, the court holds that such a claim is encompassed within the provisions of General Statutes 52-557g(b)(3).
Accordingly, the motion for summary judgment filed by the moving defendants is hereby granted.
RUSH, J.