[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In his complaint, the plaintiff claims that the defendants were negligent in failing to properly and safely maintain the right field area at Waterville Park in Waterbury. The defendants have filed a motion for summary judgment.
In this case, the following facts are undisputed. On July 28, 1990, the plaintiff was playing softball at the park. The plaintiff was playing right field when a fly ball was hit to him. When plaintiff attempted to catch the fly ball, he struck a cement spillway located in the right field area and was injured.
A motion for summary judgment shall be granted "if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law." Connell v. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). A material fact is any fact which will make a difference in the outcome of the case. Genco v. CLP, 7 Conn. App. 164, 167,508 A.2d 58 (1986). The burden is on the moving party to show the absence of any material fact. Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984). The facts presented must be viewed in the light most favorable to the non-moving party. State v. Gogin,208 Conn. 606, 616, 546 A.2d 250 (1988).
The defendants state, and it is undisputed by the plaintiff that Waterville Park is open to the public for recreational purposes, free of charge. The defendants argue that softball is a recreational use of the park as defined in General Statutes 52-557f(4), CT Page 5766 which states: "`Recreational purpose' includes, but is not limited to any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping . . . snow skiing, ice skating . . . ."
Therefore, the defendants argue that the plaintiff's claims are barred by General Statutes 52-557g, the Recreational Use Statute. General Statute 52-557g provides:
 (a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for rec-recreational [recreational] purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
 (b) Except as provided in section 52-557h, the owner of land, who either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses such land for such recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner.
The plaintiff argues that it is a question of fact whether a baseball diamond especially prepared by the municipality comes within the purview of General Statutes 52-557g.
In Manning v. Barenz, 221 Conn. 256, 260-62, 603 A.2d 399
(1992), the court held that General Statutes 52-557g applies to municipal land owners and to municipal employees. In Manning the plaintiff child was playing at a municipal playground when he CT Page 5767 reached into a large metal box that the town kept toys in. The box's lid fell on the plaintiff's thumb, injuring him. The court held that the municipality and the director of parks and recreation were not liable for negligence or nuisance because while the activity was not one of the enumerated "recreational purposes" listed in 52-557f(4), the statute clearly states that `recreational purposes' is not limited to those listed activities. Id., 263-64.
Although the parties may differ whether the spillway is within the ball field, it is irrelevant whether or not the cement spillway was in `fair' or `foul' grounds of the baseball diamond. Immunity is granted for "an act or omission of the owner" with respect to a "dangerous condition, use, structure, or activity on the land" and the concrete spillway is clearly a structure on the land. The plaintiff was engaged in a recreational activity (i.e. playing softball) on the land and there was no charge for this activity. The defendant City of Waterbury is the owner of the land and the defendant Leisring is an employee of the City of Waterbury as recreational parks maintenance Director.
The defendants' motion for summary judgment must be and is granted.
McDONALD, J.