[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (NO. 101)
The plaintiffs, Stephen and Laureen Quinlan, bring this action as parents and next friends of their minor child, Edward Quinlan. The plaintiffs seek to recover for injuries allegedly sustained by their minor child "when he fell off a steel bar on said child's playground equipment unit", while on a playground located on property owned and maintained by the defendants, the Rowayton Elementary School and the Norwalk Board of Education.
In the first count of their complaint filed on August 16, 1991, the plaintiffs allege that the defendants were negligent in the care, maintenance, repair, and inspection of the playground. In the second count, the plaintiffs allege that the dangerous and defective condition of the defendants' playground constitutes a nuisance. In the third count, the plaintiffs seek to recover for their expenditures in obtaining medical treatment for their minor child.
On August 29, 1991, the defendants filed an answer and CT Page 9565 raised the following special defenses: (1) governmental immunity; (2) sovereign immunity; and (3) recreational use immunity pursuant to General Statutes 52-557g. Now, by way of the instant motion for summary judgment (#101), the defendants seek judgment on the plaintiffs' entire complaint on the grounds raised in their special defenses.
Practice Book 384 provides that summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. ." Lees v. Middlesex Insurance Co., 219 Conn. 644,650, 594 A.2d 952 (1991). A material fact is one that will make a difference in the outcome of the case. Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311 (1979). Because the burden of proof is on the moving party, the facts must be viewed in the light most favorable to the party opposing the motion. Mingachos v. CBS, Inc., 196 Conn. 91, 111,491 A.2d 368 (1985).
Section 52-557g(a) provides in pertinent part that:
 an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land . . . safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
In Manning v. Barenz, 221 Conn. 256, 603 A.2d 399 (1992), the Connecticut Supreme Court held that 52-557g "applies to all land owners — municipal and private." Id., 260. Thus, 52-557g
applies to school property which is controlled and maintained by a local board of education. Scrapchansky v. Plainfield,226 Conn. 446, 451-54, ___ A.2d ___ (1993). In an affidavit submitted by the defendants in support of their motion for summary judgment, the superintendant of the Norwalk Public School System (which includes the Rowayton Elementary School) states that the playground equipment at the Rowayton Elementary School "is open and free for use to members of the public without charge." (Affidavit of Ralph E. Sloan at paragraph 5.) CT Page 9566
General Statutes 52-557f(4) provides in pertinent part that: "`[r]ecreational purpose' includes, but is not limited to, any of the following [activities], or any combination thereof. . . ." (Emphasis added.) The list of activities contained in 52-557f(4) has been characterized as a "nonexclusive list of leisure activities" which was not intended to exclude activities "that are universally recognized as recreational." Scrapchansky v. Plainfield, supra, 456. In the present case, the plaintiffs' minor child, who was playing at a school playground when he allegedly sustained his injuries, was engaged in such a "universally recognized" recreational leisure activity. See Garcia v. Town of Wolcott, Superior Court, Judicial District of Waterbury, Docket No. 010614 (February 4, 1992, Langenbach, J.) (claim filed by a plaintiff who was injured while flying a kite on school property was barred by the recreational use statutes), and Krasenics v. City of West Haven, Superior Court, Judicial District of Ansonia/Milford, Docket No. 029218 (July 18, 1990, Fuller, J.) (use of a slide at a playground falls within the definition of "recreational purpose" in 52-557f[4]). See also Gauthier v. Town of Fairfield, Et Al, Superior Court, Judicial District of Fairfield, Docket No. 261744 (May 10, 1990, Thompson J.) (utilization of a swing set in a playground area of a public park does come within the definition of "recreational purpose" and thus would be subject to the provisions of 52-557g.)
Therefore, the plaintiffs' claims are barred by General Statutes 52-557g(a), and the defendants' motion for summary judgment is granted as to the plaintiffs' entire complaint.
BALLEN, J.