[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On October 8, 1993, the plaintiff, Archie Williams, filed a three count revised complaint sounding in negligence against CT Page 7428 the defendants, City of Waterbury Board of Education, Guy DiBiasio, Herbert Greengas, Hollis McKenna, and the City of Waterbury. The plaintiff alleges that he was injured in a gymnasium at Chase Elementary School while playing basketball when his left arm went through a wire-glass pane on a door near the basket. The plaintiff alleges that the defendants controlled and owned the property, and that the gymnasium was open to the public for recreational use.
On May 18, 1994, the defendants filed a motion for summary judgment on the ground that they are immune from liability pursuant to General Statutes § 52-557g, the recreational use statute. The defendants also filed a memorandum of law and the affidavit of Herbert Greengas, the Waterbury school inspector. Greengas avers that the gymnasium was open to the public for an operational charge of $27.09 an hour which paid for electricity and custodial services. Greengas states that the defendants did not make a profit from the charge. Greengas also states that Hollis McKenna is a custodian and that Guy DiBiasio is the superintendent of schools.
The plaintiff has not filed anything in opposition to the defendants' motion for summary judgment. In addition, the plaintiff did not appear at short calendar to argue this motion.
Summary judgment should be granted if there are no material issues of fact in dispute and the movant is entitled to judgment as a matter of law. Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1993). The evidence submitted must be viewed in the light most favorable to the nonmovant. Id. Both parties are required to file supporting documentation. Practice Book § 380; Batick v. Seymour, 186 Conn. 632, 645 n. 9,443 A.2d 471 (1982). A party opposing a motion for summary judgment, "was entitled, indeed obligated, to file an affidavit reciting evidentiary matter to establish the existence of a genuine issue as to a material fact." Conference Center Ltd. v. TRC,189 Conn. 212, 217, 455 A.2d 857 (1983). If the nonmovant does not submit facts showing that there is an issue of fact, "`the court is entitled to rely upon the facts stated in the affidavit of the movant.'" (Citation omitted.) Kakadelis v. DeFabritis,191 Conn. 276, 280-81, 464 A.2d 57 (1983).
General Statutes § 52-557g(a) provides:
Except as provided in section 52-557h, an owner of CT Page 7429 land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
General Statutes § 52-557h excepts from immunity landowners who wilfully or maliciously fail to warn of a dangerous condition, and landowners who charge "the person or persons who enter or go on the land for the recreational use thereof. . . ."
Immunity under the recreational use statute applies to school property owned by the town and controlled by the board of education. Scrapchansky v. Plainfield, supra, 226 Conn. 451
n. 2. Immunity is also extended to municipal employees. Manningv. Barenz, 221 Conn. 256, 261-62, 603 A.2d 399 (1992). Immunity is still available if a fee is charged in order to cover the maintenance and operations of the recreational facility, as long as the fee is not an admission charge. Genco v. ConnecticutLight Power Co., 7 Conn. App. 164, 170-71, 508 A.2d 58 (1986); see also Voight v. Gazdik, 6 Conn. L. Rptr. 5, 6 (February 13, 1992, Lewis, J).
The plaintiff's claim falls under the protection of the recreational use statute. In addition, the defendants have submitted an affidavit showing that the fee they charge does not take the claim outside the recreational use statute. The plaintiff has not raised any facts to rebut the defendants' affidavit. The defendants' motion for summary judgment is granted.
SYLVESTER, J.