[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#112)
The revised complaint alleges the following facts. The plaintiff, Joanne Cooley, was a spectator at a softball game held at Nestle Fields in the Town New Milford. The plaintiff was allegedly injured when a fly ball went through an opening in the backstop and struck her in the face.
In count one, the plaintiff brings a negligence claim against Fidco, Inc., the owner of the property. In count two, also a negligence claim, the plaintiff brings this action against Robert Bigham d/b/a New Milford Youth Softball/Baseball League.
The defendants answered the revised complaint and asserted two special defenses: immunity pursuant to General Statutes §52-557f through 52-557i, the Connecticut Recreational Land Use Act, and contributory negligence.
The defendants have moved for summary judgment on the ground that they owe no duty to the plaintiff pursuant to the recreational land use statutes which grants the defendants immunity. They have filed two memoranda of law and the affidavit of Robert Bigham, president of the New Milford Youth Softball/Baseball League, who stated that the field on which the plaintiff was allegedly injured was "open and available for use by virtue of a lease between . . . Fidco . . . and New Milford Youth Baseball/Softball for the nominal rent of one dollar." (Affidavit of Robert Bigham ¶ 6.) In addition, Mr. Bigham stated that no fee or admission was charged to the public to watch baseball games and this includes the plaintiff.[1]
The plaintiff opposes the motion and has filed a memorandum of law, a copy of the lease agreement between Fidco and New Milford Youth Baseball/Softball League, an affidavit[2] and certified copies of deposition transcripts from the deposition of Robert Bigham and Timothy Cunningham, vice-president of Fidco. The plaintiff argues that the land in question was not open to CT Page 5149-SSS the public but rather it was open only to the New Milford Youth Baseball/Softball League. Additionally, the plaintiff argues that she was not "participating" in recreational activity as she was simply a spectator at the game and therefore the recreational use statutes are inapplicable.
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarezv. Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507
(1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts. Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted:) Suarez v.Dickmont Plastics Corp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v.Urban Redevelopment Commission, 158 Conn. 364, 380, 260 A.2d 596
(1969).
The recreational land use act provides in pertinent part that "an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes." General Statutes § 52-557g(a).
Furthermore, "[r]ecreational purpose includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, CT Page 5149-TTT scenic or scientific sites." (Internal quotation marks omitted.) General Statutes § 52-557f(4).
In support of summary judgment, the defendants state that Fidco owns the land in question and leases it to New Milford Youth Baseball/Softball League for nominal consideration ($1.00 per year), that no charge is levied for admission to a ball game and that the field was used for a recreational purpose. They therefore argue that they are immune from liability and that summary judgment should enter in their favor.
The plaintiff argues that because the land in question is leased only to New Milford Youth Baseball/Softball League, it is not open to the public. The word "public" for purposes of General Statutes § 52-557g is not all-inclusive. "Although the purpose of the [Recreational Use Statute] is to make land accessible for recreational use by the public, nothing in the language of § 52-557g(a) mandates that land, in order to be `available to the public' under the act, must be open in its entirety to everyone simultaneously." Scrapchansky v. Plainfield,226 Conn. 446, 452, 627 A.2d 1329 (1993). In other words, "[f]or an area to be open to public use[,] it does not have to be open to everybody all the time." (Internal quotation marks omitted.) Id.
In the present case, both parties rely on Scrapchansky,
supra, in support of their respective positions. In Scrapchanskyv. Plainfield, supra, 226 Conn. 446, 451, deposition testimony indicated that the "field was available to the public only when school was not in session and that any team desiring to use the field was required to obtain permission to do so in order to avoid scheduling conflicts with another event." It was clear from the deposition transcripts that the land in Scrapchansky, supra, was available to the public. In the present case, however, the deposition transcript of Timothy Cunningham indicates that the only lease agreement in existence for the property in question was that between Fidco and New Milford Youth Baseball/Softball League. (Deposition Transcript p. 15-16.) Additionally, Mr. Bigham testified that the fields in question were used exclusively by New Milford Youth Baseball and that "no other teams are allowed to show up there and play." (Deposition Transcript p. 17.) Mr. Bigham also stated that he has not authorized the use of the fields by anyone other the New Milford Youth Baseball and that he has not given any leases to another individual or group. (Deposition Transcript p. 17.) CT Page 5149-UUU
The factual difference between the present case andScrapchansky, supra, is such that the court denies the motion for summary judgment. The defendants have not carried their burden of proof in demonstrating to this court the absence of a genuine issue of material fact with regard to whether the use of the field was "public" within the meaning of the recreational use statutes.
The plaintiff also argues that recreational land use immunity does not extend to injuries suffered by a spectator at an event within the purview of the statute. Thus, the second issue to be resolved on this motion is whether the plaintiff, a spectator rather than a participant, is barred from recovering against the defendants by operation of the recreational use statutes.
A purpose of the recreational land use act is to "encourag[e] private landowners to open their land to the public for recreational purpose." Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 173, 508 A.2d 58 (1956). Additionally, the statutory scheme evidences an intent to base the grant of immunity upon the existence of land opened by the owner for a recreational purpose and does not require the injured party to be on the land for any specific recreational purpose. See Neri v.Woodbury Ski Racquet, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 293760 (February 6, 1991, Schimelman, J., 3 Conn.L.Rptr. 213) ("Plaintiff's reason for entering the land is not controlling; it is the landowner's purpose in opening the land to the public that controls;" in dicta, the court states that watching others ski is a recreational purpose); see also Manning v. Barnez, 221 Conn. 256,264, 603 A.2d 399 (1992) ("the enumerated activities set forth in [52-557f(4)] are not exclusive.") As this court has previously stated, "[a] spectator watching a recreational activity on land made available by the owner without charge may not recover damages for his injuries from the landowner." Burkhart v.Williams, Superior Court, judicial district of Litchfield at Litchfield, Docket No. 052609 (August 25, 1992, Pickett, J.,7 Conn.L.Rptr. 294, 295).
If summary judgment hinged upon this question alone, the court would have granted judgment in favor of the defendants. This case, however, hinges first upon whether the defendants are entitled to invoke the recreational use statutes to gain immunity from liability. The court finds that whether the field where the CT Page 5149-VVV plaintiff was allegedly injured was open to the public or just New Milford Youth Baseball/Softball League presents a genuine issue of material fact and therefore, the defendants motion for summary judgment is denied.
PICKETT, J.