[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
FACTS
This is a suit in negligence and nuisance against a municipality seeking damages for personal injuries sustained at a municipal park when the named plaintiff tripped and fell into an open hole in the ground. On May 10, 1985, the minor plaintiff, Gina Perricone, injured herself after practice in a youth softball league. On June 9, 1987, the plaintiff filed a six count complaint against the defendants, the City of New Haven, the New Haven Parks and Recreation Department and its director, Robert Sheeley ("the City"). On September 12, 1989, the plaintiff amended her complaint to add two counts against the City and to include claims against a third party defendant, Robison, Inc. On February 4, 1991, the court, Schimelman, J., granted Robison's motion for summary judgment. The City now moves for summary judgment on the grounds that the plaintiff's claims are barred by (1) the Connecticut Recreational Land Use Act, General Statutes § 52-557f et seq., and (2) the doctrine of governmental immunity.
DISCUSSION
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Lees v. Middlesex Ins. Co., 219 Conn. 644, 650,594 A.2d 592 (1991).
 "Although a party seeking summary judgment has the burden of showing the nonexistence of any material fact; DHR Construction Co. v. Donnelly, 180 Conn. 430, 434, 429 A.2d 903
(1980); a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. Practice Book §§ 380; 381, Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984). In CT Page 5112 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. Town Bank Trust Co. v. Benson, 176 Conn. 304, 309, 407 A.2d 971 (1978)." Strada v. Connecticut Newspapers, Inc., 193 Conn. 313, 317, 477 A.2d 1005 (1984). "The test is whether a party would be entitled to a directed verdict on the same facts." Batick v. Seymour, 186 Conn. 632, 647, 443 A.2d 471
(1982).
Connell v. Colwell, 214 Conn. 242, 246-47, 571 A.2d 116 (1990).
The City contends that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The City argues that an owner who makes land available free of charge owes no duty of care to persons using it for recreational purposes under General Statutes § 52-557f et seq. Connecticut General Statutes § 557g provides in pertinent part:
 Sec. § 52-557g. Liability of owner of land available to public for recreation; exceptions. (a) Except as provided in section 52-577h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
The City provides an affidavit from the supervisor of the New Haven Parks and Recreation Department averring his personal knowledge that the City did not issue permits or charge any fees whatsoever for the use of its parks. The City cites Manning v. Barenz,221 Conn. 256, 603 A.2d 399 (1992), to support the proposition that § 52-557g immunity extends to municipalities and their employees.
The plaintiff, on the other hand, argues that § 52-557f et seq. does not apply in the present case. The plaintiff contends that, notwithstanding the affidavit of the supervisor of the New Haven CT Page 5113 Parks and Recreation Department, permit fees may be required of organized sports leagues wishing to use the City's recreational fields. The plaintiff therefore concludes that if such a fee was charged for the use of the park, the City could not remain immune under the Connecticut Recreational Land Use Act. The plaintiff submits an affidavit from her attorney who telephoned an "unidentified woman" at the New Haven Parks and Recreation/Athletic Field Permits office. The affiant avers that this unidentified woman indicated to him that New Haven had charged five dollars for permits for sports leagues for a number of years. The plaintiff therefore contends that the City may have charged a permit fee for the plaintiff's softball league. The plaintiff argues that this raises an issue of material fact that should be heard by a jury.
However, in an affidavit attached to Defendants' Supplemental Memorandum of Law, the Recreation Supervisor for the City of New Haven, Larry Amendola, states that any softball field at the location of the accident, East Shore Park, was "makeshift", and "non-official", and not erected by the City or its agents. Mr. Amendola states that at the time of the accident, May 10, 1985, the City did not issue nor require permits, nor charge any fees whatsoever for the use of any such field. Finally, Mr. Amendola states that the City did not charge any fee whatsoever for any fields or recreation areas, including East Shore Park, used by any youth leagues. The factual statements in Mr. Amendola's affidavit are based on personal knowledge.
"Generally, an affidavit by one's attorney should not be used to oppose a motion for summary judgment." Ky v. Pedace,8 Conn. L. Rptr. 158, 159 n. 1 (December 30, 1992, Hennessey, J.). "[I]n summary judgment proceedings, affidavits . . . must aver or affirmatively show personal knowledge of the matters stated therein." Evans Products Co. v. Clinton Building Supply, Inc.,174 Conn. 512, 515, 391 A.2d 157 (1978). "[A]ffidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit." United Oil Co. v. UrbanRedevelopment Comm., 158 Conn. 364, 377, 260 A.2d 596 (1969). The plaintiff's affidavit is "insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Sheridan v.Board of Education, 20 Conn. App. 231, 240, 565 A.2d 882 (1989).
"In order to fall within the purview of § 52-557g(a), the CT Page 5114 defendant municipality must establish only that it is the possessor of the fee interest in land available to the public without charge for recreational purposes." Manning v. Barenz, 221 Conn. 256, 260, (1992); see also Scrapchansky v. Plainfield, 226 Conn. 446 (1993). Here, the City has done so. The plaintiff has not demonstrated a triable issue as to any material fact in its papers in opposition to the defendants' motion. Accordingly, the defendants' motion for summary judgment must be granted.
CONCLUSION
Based on the foregoing, the defendants' Motion For Summary Judgment (#147) is granted.
So ordered.
Michael Hartmere, Judge