[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM DATED JANUARY 6, 1995
The plaintiff, Carl Pare, filed a six-count revised complaint against the defendants, Town of Windsor, Douglas Malone, Robert Levine, Gary Whitaker and Richard Tillona, for injuries arising out of a softball game CT Page 835 played at Windsor High School. In counts one through six, the plaintiff alleges negligence against Douglas Malone, an employee of the Town of Windsor, negligence against Richard Tillona, a manager of one of the teams playing at the time of the injury, negligence against Gary Whitaker, a manager of the other team, negligence against Robert Levine, an employee of the Town of Windsor, an action against the Town of Windsor for indemnity of its employees pursuant to General Statutes § 6-465, and negligence against the Town of Windsor as owner and operator of the subject softball field and in respondeat superior for the action of its employees.
On November 17, 1994, the defendants, Town of Windsor, Douglas Malone, Robert Levine, Gary Whitaker, and Richard Tillona moved for summary judgment. The defendants argue that they are protected from liability under General Statutes § 52-557f. In the alternative, the defendants Tillona and Whitaker argue that they owed no duty to the plaintiff. Also in the alternative, the defendants Town of Windsor, Douglas Malone, and Robert Levine argue that they are entitled to summary judgment on the grounds of governmental immunity.
"Pursuant to Practice Book Section 384, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105, 639 A.2d 507 (1994). "The party seeking summary judgment has the burden of showing the absence of any genuine issue as to all material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law, . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Citations omitted.Id. "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id.
The relevant statute in this case is § 52-557f et seq. General Statutes § 52-557g provides in relevant part: CT Page 836
 (a) Except as provided in Section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes.
The plaintiff argues that General Statutes § 52-557g
does not provide immunity to the defendants because a "charge, rent or fee" was paid to the Town of Windsor by the recreational softball league players. General Statutes § 52-557h(2) provides that no immunity shall be granted "for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof . . ." Douglas Malone, Director of Special Programs for the Parks Recreation Department of the Town of Windsor, stated in his affidavit that "[I]n 1992 each registered team that participated in the Softball League paid a $660 fee prior to commencement of league play"; that "the fees paid by each registered team were used to offset operational expenses associated with the league;" that "neither the registered teams nor their members were charged an admission fee to use any field;" that "The Windsor High School field is open free of charge to the general public;" and that "Any member of the public can go upon the field when a game is not in progress." (Affidavit of Douglas Malone, para. 5, 6, 8, 9 and 10.) The facts of the present case are similar to Scrapchansky v. Plainfield, 226 Conn. 446,449, 627 A.2d 1329 (1993), except the issue of the fee did not arise because "the town had permitted the American Legion team to use the field without charge, fee, or rent, whenever school was not in session." That was the extent to which fees were discussed inScrapchansky.
In the present case, an amount of money was paid by each team, and the issue is whether that one-time charge falls within the definition of "Charge" in General Statutes § 52-557f(1). "`Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land." General CT Page 837 Statutes § 52-557(f).
In interpreting the meaning of the word "charge," the Connecticut Appellate Court followed Livingston v. PennsylvaniaPower Light Co., 609 F. Sup. 643, 648 (D.C. Penn. 1985), which held that the word charge "contemplates a `quid pro quo,' i.e., a charge in exchange for permission to enter that land at that time." (Emphasis in original.) See Genco v. Connecticut Light and Power Co.,7 Conn. App. 164, 170, 508 A.2d 58 (1986). `The only way to avoid inconsistent application of the Act . . . is to interpret the word `charge' . . . as an actual admission price paid for permission to enter the land at the time of its use for recreational purposes." Id., 170-71.
In Williams v. City of Waterbury Board of Education,
12 CONN. L. RPTR. No. 5, 158 (August 29, 1994) (Sylvester, J.), the court held that "[i]mmunity is still available if a fee is charged in order to cover the maintenance and operations of the recreational facility, as long as the fee is not an admission charge." In Williams, a charge of $27.09 an hour to use a gymnasium was held not to be an admission charge, because the money collected paid for electricity and custodial services. Id.
In Voight v. Gazdik, 6 CONN. L. RPTR. 5 (1992) (Lewis, J.), the court found that where fees were collected from softball teams for maintenance and expenses related to the league, and where none of the fee went to the Town of Fairfield, the fee was not an admission charge. Similarly, in Luce v. City of West Haven, 12 CONN. L. RPTR. No. 12, 401 (October 17, 1994) (Skolnick, J.), the court found that a fee charged to teams for the right to use the playing fields is not an admission fee barring immunity.
In the present case, the total revenue from the softball program was $660.00. The fee was paid prior to commencement of league play, and not at the time of each individual game. Although those fees were initially deposited into a Town account, Douglas Malone stated in his affidavit that the fees were used to offset expenses associated with the league. He further stated that the operational expenses exceeded the fees collected. Similarly, Mr. Ilg, Windsor Town Manager, said in a deposition that the fees went into both general CT Page 838 and specific fund accounts, and that the fees were used for maintenance and operational costs. (Deposition of Albert G. Ilg, August 18, 1994, p. 20.) Therefore, the fees cover operational expenses, and the charge in the present case does not bar immunity.
The Voight court held that entry fees paid by softball teams to the Fairfield Recreation Department did not constitute a charge within the meaning of the Recreational Land use Act.
This court holds that fees charged teams entering the Windsor softball league are not a charge or fee relative to permission to enter upon the land. Therefore such a charge or fee does not remove governmental immunity conferred by § 52-557f.
The next issue is whether all, or only some, of the defendants are immune under General Statutes § 52-557g. General Statutes § 52-557f provides in relevant part, "(3) `Owner' means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises." Gary Whitaker and Richard Tillona were coaches and/or managers of teams in the Windsor Softball League and as such they are officials of the Windsor Softball League.
Under Manning v. Barenz, 221 Conn. 256, 262,603 A.2d 399 (1992), the Town and its employees, Douglas Malone and Robert Levine, are immune. It would also appear that the team managers, Richard Tillona and Gary Whitaker, are exempt because they were in control of the premises at the time of the injury. In Manning v.Barenz, supra, 221 Conn. 262, the court held:
 The three remaining defendant employees are described as charged with the supervision of the summer recreational program and with the care and protection of the children participating in the program. Because the defendant employees must be considered within the definition of"owners" by reason of their being "persons in control of the premises," they fall within the immunity created by this statute. To hold otherwise would render the statute meaningless. CT Page 839
While the team managers are not Town employees as were the defendants in Manning v. Barenz, they were in control of the premises at the time of the injury. InConway v. Town of Wilton, 11 CONN. L. RPTR. NO. 10, 315 (May 16, 1994) (Gray, J.), the court found that the Connecticut Association of Schools, the sponsor of a tennis tournament, qualified as an owner under the statute. Therefore, the court finds that the team managers in the present case fall under the definition of "owner" provided by the statute, and are immune from liability.
Because there is no genuine issue of material fact, and the defendants are entitled to judgment as a matter of law, the defendants' motion for summary judgment is hereby granted.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 848