[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision Re: Defendants's Motion For SummaryJudgment No. 113
On December 20, 1994, the plaintiff, Theodora S. Sakellares ("plaintiff"), filed a complaint against the defendant, The Danbury Scott-Fanton Museum and Historical Society, Inc. ("defendant") The complaint alleges that a Danbury school leacher, incurred injuries when she slipped and fell on the defendant's premises while participating in a guided educational tour with her fourth grade class. The defendant now moves for summary judgment on the ground that General Statutes § 52-557g
bars this action.
Section 52-557g provides in pertinent part:
"(a) Except as provided in section 52-557h, an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons CT Page 1866 entering for recreational purposes.
"(b) Except as provided in section 52-557h, an owner of land who, either directly or indirectly, invites or permits without charge, rent, fee or other commercial service any person to use the land, or part thereof, for recreational purposes does not thereby: (1) Make any representation that the premises are safe for any purpose; (2) confer upon the person who enters or uses the land for recreational purposes the legal status of an invitee or licensee to whom a duty of care is owed; or (3) assume responsibility for or incur liability for any injury to person or property caused by an act or omission of the owner."
General Statutes § 52-557f(4) states that " `[r]ecreational purpose' includes . . . viewing or enjoying historical . . . sites." It is undisputed that the defendant is a public museum which preserves New England's past including the heritage of Danbury. The defendant also preserves the John and Mary Rider House (circa 1785), the Dodd Hat Shop (circa 1790), and the Charles Ives Birthplace.
Notwithstanding these facts, the plaintiff contends that § 52-557g does not apply to the defendant because the museum is an indoor facility. This argument is persuasive. Nothing in the recreational use statute suggests that the activity must occur outdoors. On the contrary, § 52-557f states that the term "land" includes buildings and structures. See Scrapchanskyv. Plainfield, 226 Conn. 446, 458, 627 A.2d 1329 (1993) ("[t]here is . . . nothing in the plain language of the statute to indicate that the only land to which the act applies is land in its natural state"). Accordingly, the court holds, as have at least two other Superior Courts, that § 52-557g applies to indoor uses. Winiarski v. Heath, Superior Court, judicial district of New Haven at New Haven Docket No. 334780 (October 18, 1995, Zoarski, J.) (15 Conn. L. Rptr. 374); Philipcik v. Richardson, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 115963 (July 1, 1993, Lewis, J.). To hold otherwise would undermine the statute's legislative purpose of "encouraging private landowners to open their land to the public for recreational purposes. . . ." Genco v. Connecticut Light PowerCo., 7 Conn. App. 164, 173 508 A.2d 58 (1986).
The plaintiff also argues that the statute does not apply to the defendant because the plaintiff was not an active participant in any recreational activity while she was on the defendant's CT Page 1867 property. The evidence submitted by the plaintiff suggests otherwise. In her affidavit, the plaintiff attests that, on the date of her injury she participated in an educational tour of the museum. The tour consisted of viewing various historical exhibits. Therefore, the plaintiff was an active participant in a recreational activity in that she viewed or enjoyed historical sites. See § 52-557f(4).
The plaintiff's final argument is that the defendant has failed to make its land available to the public without charge, rent, fee, or other commercial service. Section 52-557f(1) defines "charge" as "the admission price or fee asked in return for invitation or permission to enter or go upon the land." "In construing a similar recreational use statute in Pennsylvania, the court in [Livingston v. Pennsylvania Power Light Co.,609 F. Sup. 643 (D.C. Pa. 1985)] explained that `charge' connotes a `quid pro quo,' i.e., a charge in exchange for permission to enter that land at that time. . . . The court in Livingston
further held that the only way to avoid inconsistent application of the Act . . . is to interpret the word `charge' . . . as an actual admission price paid for permission to enter the land at the time of its use for recreational purposes." (Citation omitted; internal quotation marks omitted.) Genco v. ConnecticutLight Power Co., supra, 7 Conn. App. 170-71.
The evidence before the court reveals that the defendant did not require the public to make any sort of payment in order to gain admittance to the museum. Mary Ann Root, the Executor Director of the museum, attests that, although donations were accepted, no one who wished to view the museum was required to pay an admission fee. None of the evidence submitted by the plaintiff contradicts Root's attestation. The plaintiff's affidavit states that, on the day of the plaintiff's visit to the museum, someone merely requested that the participants of the tour pay a fee or make a donation. The plaintiff has also attested that the defendant operated a gift shop on the premises. Other evidence indicates that the defendant received grants from the city of Danbury. The plaintiff's evidence fails to demonstrate that admission to the museum was conditioned upon some kind of payment. In fact, the plaintiff has submitted one of the museum's brochures which states that admission is free or "by donation."
In light of the foregoing, the court concludes that there is no genuine issue of material fact and the defendant is entitled CT Page 1868 to judgment as a matter of law. Accordingly the defendant's motion for summary judgment is granted.
Rogers, J.