[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#112)
CT Page 5123-VVV
The plaintiff, Agnes-Betty Trimpert, brings the present negligence action against the defendants, Bridgewater Fire Department, Town of Bridgewater and Bridgewater Country Fair. The plaintiff was allegedly injured when she fell in the parking area while walking from the parking area to the entrance of the Bridgewater Country Fair. The plaintiff's complaint alleges that she fell on property owned by the defendant Town of Bridgewater and that the Town made the property available to the Bridgewater Fire Department for the purpose of parking and ingress and egress to the Bridgewater Country Fair.
The defendants, Bridgewater Fire Department and the Bridgewater Country Fair answered the complaint and asserted two special defenses: contributory negligence and immunity pursuant to General Statutes § 52-557f through 52-557i, the Connecticut Recreational Land Use Act.
The defendants, Bridgewater Fire Department and the Bridgewater Country Fair, have moved for summary judgment on the ground that they owe no duty to the plaintiff pursuant to the recreational land use statutes which grants the defendants immunity. They have filed a memorandum of law and rely on the pleadings in support of their motion. The plaintiff filed a memorandum and an affidavit in support of her opposition.
The defendants argue that no fee was charged for admission to the fair and that the recreational land use statutes therefore apply. The plaintiff argues that a fee was charged for admission to the fair and that she did not pay it because she fell before getting to that point. Additionally, the plaintiff argues that her use of the land was not for recreational purposes.[1]
"[S]ummary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Suarez v.Dickmont Plastics Corp., 229 Conn. 99, 105, 639 A.2d 507 (1994), quoting Practice Book § 384. The moving party has the burden of showing the absence of any genuine issue as to all material facts.Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
"In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving CT Page 5123-WWW party . . . . The test is whether a party would be entitled to a directed verdict on the same facts. . . ." (Citations omitted; internal quotation marks omitted.) Suarez v. Dickmont PlasticsCorp., supra, 229 Conn. 105-06. "In Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." United Oil Co. v. Urban RedevelopmentCommission, 158 Conn. 364, 380, 260 A.2d 596 (1969).
The recreational land use act provides in pertinent part that "an owner of land who makes all or any part of the land available to the public without charge, rent, fee or other commercial service for recreational purposes owes no duty of care to keep the land, or the part thereof so made available, safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure or activity on the land to persons entering for recreational purposes." General Statutes §52-557g(a). "In order to come within the purview of General Statutes 52-557g(a), the defendant must establish that it is an owner of land available to the public without charge for recreational purposes." Genco v. Connecticut Light Power Co.,7 Conn. App. 164, 168, 508 A.2d 58 (1986).
Furthermore, "[r]ecreational purpose includes, but is not limited to, any of the following, or any combination thereof: Hunting, fishing, swimming, boating, camping, picnicking, hiking, pleasure driving, nature study, water skiing, snow skiing, ice skating, sledding, hang gliding, sport parachuting, hot air ballooning and viewing or enjoying historical, archaeological, scenic or scientific sites." (Internal quotation marks omitted.) General Statutes § 52-557f(4).
General Statutes § 52-557h states in part, "[n]othing in sections 52-557f and 52-557i, inclusive, limits in any way the liability of any owner of land which otherwise exists: . . . (2) for injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof . . . ." In other words, where an owner of land charges an admission fee to people who enter upon the land, the landowner loses the protection of the recreational use statutes. "`[C]harge' connotes a quid pro quo, i.e., a charge in exchange for permission to enter that land at that time." (Citations and emphasis omitted.) Genco v. Connecticut Light Power Co., 7 Conn. App. 164,170, 508 A.2d 58 (1986); accord Voight v. Gazdik, 6 CT Page 5123-XXX Conn.L.Rptr. 5 (Lewis, J. February 13, 1992).
In the present case the defendants claim that it is "undisputed that no fee was charged for parking on [the] lot [where plaintiff was injured] by either the Town of Bridgewater or the Bridgewater Fire Department d/b/a the Bridgewater Country Fair." (Defendants' Memorandum of Law in Support of Motion For Summary Judgment p. 3). Aside from this assertion, the defendants failed to offer evidence in support of the contention that no fee was charged. The plaintiff, however, disputes this fact and claims that although she did not pay a fee, the only reason was because she fell prior to getting to the point where the fee would be paid. (Affidavit of Ms. Trimpert ¶ 12-14.)
The plaintiff also argues that the land was not open to the public for recreational purposes but was instead open for the purpose of annual fund raising. The defendants argue that even the plaintiff's complaint recognizes the property as a recreational area because that is the title given to the property on the Town Assessor's Map. (Plaintiff's Complaint First Count ¶ 1.) The statutory scheme of the recreational use statutes evidences an intent to base the grant of immunity upon the existence of land opened by the owner for a recreational purpose and does not require the injured party to be on the land for any specific recreational purpose. See Neri v. Woodbury Ski Racquet, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 293760 (February 6, 1991, Schimelman, J., 3 Conn.L.Rptr. 213) ("Plaintiff's reason for entering the land is not controlling; it is the landowner's purpose in opening the land to the public that controls;" in dicta, the court states that watching others ski is a recreational purpose); see also Manning v. Barnez, 221 Conn. 256,264, 603 A.2d 399 (1992) ("the enumerated activities set forth in [52-557f(4)] are not exclusive.")
Since there is a material issue of fact in dispute regarding both whether there was an admission fee charged and whether or not the defendants' purpose in opening the land was for recreation or profit, the defendants' motion for summary judgment is denied.
PICKETT, J.